IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MURPHY, #M04196, <br><br> Plaintiff, <br><br> v. <br><br> DR. SIDDIQUI, ANTHONY WILLS, DR. RITZ, and ANGIE CRAIN, <br><br> Defendants. | Case No. 21-cv-00324-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Steven Murphy, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Murphy claims that he is not being provided constitutionally adequate medical treatment for ongoing back pain and leg numbness. He requests injunctive relief and monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Murphy alleges the following: In 2018, he was injured in a fight with a former cellmate.

Page 1 of 7

(Doc. 1, p. 6, 10). Since the altercation, he experiences excruciating pain in his lower back and frequently loses feeling in his legs. After putting in a medical request slip, he had an appointment with Dr. Siddiqui. Dr. Siddiqui "blew [him] off and said it's just arthritis and told [Murphy he would] be fine." (*Id.* at p. 6). Dr. Siddiqui was unable to tell Murphy why his legs would go numb, and so, Murphy continued to submit medical slips to receive proper medical treatment. Murphy also had his family call the facility.

After his family called the warden several times, Murphy had an x-ray that showed swelling and damage on his lower back spinal cord and disk. (Doc. 1, p. 6). Murphy then requested an MRI to determine whether or not he requires surgery for his injury. The request was denied by Dr. Ritz in order to save Wexford money. (*Id.*).

Murphy continued to submit medical request slips for his lower back pain. (Doc. 1, p. 6). Dr. Siddiqui and other nurses denied him treatment because he complained about having to pay the $5 co-pay at each visit for the same medical issue. When Murphy refused to pay, then he would not be seen by medical staff. (*Id.*).

Dr. Siddiqui and medical staff "skipped every proper medical procedure as doing tests and seeing outside specialists and cut corners." (Doc. 1, p. 7). Angie Crain, the health care unit administrator, has read and responded to Murphy's grievances and has aided Dr. Siddiqui in denying Murphy medical care. For over two years now, Murphy has been denied adequate treatment for his injuries. (*Id.*).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth Amendment claim of deliberate indifference against Dr. Siddiqui, Dr. Ritz, Anthony Wills, and Angie Crain for delaying and failing to provide adequate treatment for his painful back injury and

corresponding leg numbness.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## DISCUSSION

Claims for deliberate indifference have an objective and a subjective component. To survive preliminary review, Murphy must allege that he suffered from an objectively, sufficiently serious medical condition. *Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). He must also plead that the defendants actually knew of, but disregarded, a substantial risk to his health. *Cesal,* 851 F.3d at 721.

Murphy has adequately pled that he has an objectively serious medical condition, back pain and leg numbness, and that his requests for effective treatment are being ignored and denied by Dr. Siddiqui and Angie Crain. *See Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997) (an objectively serious condition can include an ailment that significantly affects daily activities or involves chronic pain); *Perez v Fenoglio*, 792 F. 3d 768, 782 (7th Cir. 2015) (a prisoner can proceed with a deliberate indifference claim against non-medical staff who fail to intervene despite knowledge of inadequate medical care obtained through detailed correspondences).

Murphy has not, however, sufficiently pled a deliberate indifference claim against Warden Wills and Dr. Ritz. Murphy's statement that Dr. Ritz denied the request for an MRI for non-medical reasons is conclusory and not supported by any factual allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009) (courts are not required to assume that conclusory allegations are true,

even early in litigation)). *See also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Murphy states that "the warden" received several calls from his family but has not included any allegations regarding Warden Wills's conduct or involvement in his treatment or the alleged constitutional violation. Thus, Count 1 will be dismissed as to Dr. Ritz and Warden Wills.

### MOTION FOR RECRUITMENT OF COUNSEL

Murphy has filed a motion asking the Court to recruit counsel on his behalf. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."[1] When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Murphy has failed to meet his threshold burden of making a reasonable attempt to secure counsel on his own. Murphy states that he has written several attorneys, and they have not provided a response. Along with the Complaint, he has provided a copy of a letter from Equip for Equality declining representation. (Doc. 1, p.14). He does not provide, however, any other details regarding other attorneys he has attempted to contact, such as names, phones numbers, or addresses, and contacting one law firm does not establish the reasonable effort required by a plaintiff before seeking assistance from the Court. Should Murphy choose to move for recruitment of counsel at a later date, the Court directs him to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

---

[1] Although Murphy is not proceeding *in forma pauperis* and has paid the full filing fee, the Court still finds him indigent and unable to afford counsel for the purposes of Section 1915(e)(1). His prison financial statements indicate that as of January 26, 2021, he had $6,766.33 in his trust fund account. While this is a considerable sum, it is simply not sufficient to pay an attorney's hourly rate to litigate a case from start to finish.

**DISPOSITION**

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Dr. Siddiqui and Angie Crain, but is **DISMISSED** as to Anthony Wills and Dr. Ritz. Because Murphy requests injunctive relief, Wills will remain a defendant in his official capacity only and shall be responsible for carrying out any injunctive relief that is ordered in this case. As there are no surviving claims against Dr. Ritz, he is **DISMISSED** for this action without prejudice, and the Clerk of Court is **DIRECTED** to **TERMINATE** him as a party.

Because Murphy's claims involve the alleged denial of medical care, the Clerk of Court is further **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The motion for recruitment of counsel (Doc. 3) is **DENIED without prejudice.**

The Clerk of Court shall prepare for **Dr. Siddiqui, Angie Crain,** and **Anthony Wills** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Murphy, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the

Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

Finally, Murphy is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   September 22, 2021

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Murphy is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Murphy need not submit any evidence to the Court at his time, unless otherwise directed by the Court.