IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN MURPHY,

      Plaintiff,

v.

DR. SIDDIDQUI, ANTHONY WILLS, and ANGIE CRAIN,

      Defendants.

Case No. 3:21-CV-00324-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Plaintiff Steven Murphy filed this action seeking to recover damages for what he alleged was the deliberate indifference of various prison administrative and healthcare personnel at Menard Correctional Center. (*See* Doc. 1). This Court granted two Motions for Summary Judgment and dismissed this case with prejudice on March 22, 2024—the first was filed by Defendant Mohammed Siddiqui (Doc. 68) and the second was filed by Defendants Angela Crain and Anthony Wills (Doc. 71). (*See* Doc. 81).

    Now pending before the Court is the Bill of Costs filed by Siddiqui on April 12, 2024. (Doc. 88). In that filing, Siddiqui seeks to recover $294.55 in fees paid to obtain the transcript of Murphy's deposition. (*See id.*).

    Murphy timely filed his Objections to the Bill of Costs on April 25, 2024, misidentifying the bill of costs as attorney's fees and arguing that imposition of the fee would be "crazy and cruel." (Doc. 93).

    Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the

Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

However, costs do not include all litigation expenses. Rather, costs are particular statutorily defined categories of incurred charges worthy of reimbursement. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655 (7th Cir. 1981). 28 U.S.C. § 1920 sets forth the categories of expenses which properly may be taxed, including:

1) Fees of the clerk and marshal;
2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3) Fees and disbursements for printing and witnesses;
4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5) Docket fees under [S]ection 1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [S]ection 1828 of this title.

The Court recognizes its discretion to decline an award of costs based upon the indigence of a party against whom costs are sought. *See Rivera*, 469 F.3d at 634. To consider the indigence exception, the Court must conduct a two-step analysis: (1) the Court "must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future'"; and (2) the Court "should consider the amount of the costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by [the] case." *Id.* at 635 (quoting *McGill v. Faulkner*,

18 F.3d 456, 459 (7th Cir. 1994)). The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Here, however, the Court finds that Murphy has not met his threshold burden of showing that he is incapable of paying. Murphy has filed neither an affidavit nor any other evidence indicating his current income/assets and expenses related to his objection. He only states that he is unable to pay. His prison trust fund account statement from his Motion for Leave to Appeal in forma pauperis indicates that he receives money from outside sources and payment for work in the prison. (*See* Doc. 90). Thus, the Court finds that Murphy has not met his burden to show that he is incapable of paying the assessed costs either now or in the future. The Court also finds that the amount of the transcript cost was reasonable and the issues raised by the case were not a close call. The Court, therefore, cannot rely on the indigency exception to deny Defendant Siddiqui's costs.

Accordingly, based on the submissions of the parties and on the Court's findings, Plaintiff Steven Murphy's Objection to Bill of Costs (Doc. 93) is **OVERRULED**. Defendant Mohammed Siddiqui's Bill of Costs (Doc. 88) is **ACCEPTED**. The Clerk of Court is **DIRECTED** to tax Murphy in the amount of $294.55.

**IT IS SO ORDERED.**

**DATED: October 15, 2024**

                                           s/ *Stephen P. McGlynn*
                                           **STEPHEN P. McGLYNN**
                                           **U.S. District Judge**